UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SESHA SAI VORREY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-00222 |
| | § | |
| CITY OF BROWNSVILLE, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On October 5, 2018, the United States Magistrate Judge filed a Report and Recommendation (Doc. 30). No party has filed any objection. After reviewing the Report and Recommendation and the applicable law, the Court concludes that the Report and Recommendation should be **ADOPTED** except as to Parts III.A.3 and III.A.4, for which the Court reaches the same conclusion but via a different analysis. For the reasons stated below, the Court concludes that the recommendations in Part IV of the Report and Recommendation should be adopted.

## I. Claims for Failure to Complete the Visa Application and for Termination[1]

Mr. Vorrey advances claims under Title VII of the Civil Rights Act of 1964 for his alleged wrongful termination based on his race and national origin. He acknowledges that the termination letter from his immediate supervisor, Mr. Bryant Walker, stated several grounds for the termination, including allegations of misconduct, lost confidence in Mr. Vorrey's credibility and in his ability to carry out the duties and functions of the position, and that he was ineligible to work in the United States because the United States Citizenship and Immigration Services (USCIS) denied his I-129 visa. Second Amended Complaint (Doc. 16) at ¶ 22. Mr. Vorrey, however, alleges that these grounds were a pretext and that Mr. Walker wrongfully refused to sign the Labor Condition Application for Non-Immigrant Workers for Mr. Vorrey, which caused

---

[1] For brevity, the Court incorporates and adopts the facts as stated in the Report and Recommendation.

the USCIS to not extend Mr. Vorrey's H-1B visa. *See id.* at ¶ 33. He also alleges that about six months before the termination, after a lunch meeting, the City Manager "stated that Mr. Vorrey looked like a 'Pakistani'" and that Mr. Vorrey should "wear a tag to let everyone know that he is Indian and not Pakistani." *Id.* at ¶ 13. Mr. Vorrey found these alleged remarks deeply offensive and asserts them as evidence that his termination was racially motivated. He does not allege, however, that Mr. Walker was present when the City Manager uttered the alleged remarks, or that the City Manager communicated with Mr. Walker about the termination.

Even when viewed in the light most favorable to Mr. Vorrey, his allegations do not suffice to state a claim upon which relief can be granted. A Title VII employment-discrimination claim generally requires a plaintiff to allege that he suffered an adverse employment action because of racial discrimination. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). A race-based termination constitutes an adverse and wrongful employment decision. *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Although courts require that plaintiffs establish a prima facia case to prevail in an employment-discrimination action, this requirement does not control at the pleading stage. The Supreme Court has confirmed that the prima facie case "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002). In addition, "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facia case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Id.* at 511 (referencing the framework set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 n.13 (1973)). The precise elements that make up the prima facie case in a particular lawsuit will vary depending on that suit's unique facts and circumstances. *McDonnell Douglas Corp*, 411 U.S. at 802 n.13. As a result, the Supreme Court has cautioned against a "rigid, mechanized, or ritualistic" application of the prima facia elements to evaluate a plaintiff's claim, *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577 (1978), and has noted that *McDonnell Douglas* "did not purport to create an

inflexible formulation" of the prima facie case, *Teamsters v. United States*, 431 U.S. 324, 358 (1977).

At the same time, though a plaintiff need not make out a prima facia case of discrimination to survive a motion to dismiss, *Raj*, 714 F.3d at 331, the plaintiff must assert enough factual allegations on all the elements to render his case plausible, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467 (5th Cir. 2016).  Importantly, the plaintiff must allege facts making plausible the claim that the "defendant took the adverse employment action against a plaintiff *because of* her protected status."  *Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004)).

Mr. Vorrey unambiguously alleges that he suffered an adverse employment decision—i.e., that he was terminated.  And he alleges that Mr. Walker refused to sign the visa application, which led to the USCIS not extending Mr. Vorrey's H1-B visa.  The Court agrees with the Magistrate Court's finding that the decision to not complete the application had the practical effect of terminating Mr. Vorrey's employment.  As a result, Mr. Walker's alleged refusal to sign the application and Mr. Vorrey's subsequent termination for lacking a visa represent concerted conduct that adversely affected Mr. Vorrey's employment with the City of Brownsville.

This finding, however, does not save Mr. Vorrey's cause of action from dismissal because his allegations fail to make plausible that the Defendants made the adverse employment decision *because of* Mr. Vorrey's race or national origin.  Mr. Vorrey alleges that the City Manager made comments about Mr. Vorrey's national origin that were, at best, insensitive.  Second Amended Complaint (Doc. 16) at ¶ 13.  Workplace comments are direct evidence of discrimination if they are "1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the [complained-of adverse employment decision]; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue."  *Rubinstein v. Adm'rs. of Tulane Educ. Fund*, 218 F.3d 392, 401 (5th Cir. 2000) (quoting *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996)) (alterations

in *Rubinstein*). "Comments that do not meet these criteria are considered 'stray remarks,'" which are insufficient evidence of discrimination. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010).

Mr. Vorrey's allegations do not show the requisite nexus between the alleged remarks and the adverse employment decision. Even assuming that the remarks evidence animosity based on Mr. Vorrey's national origin, Mr. Vorrey does not allege that the City Manager, who allegedly uttered them, was involved in the adverse employment decision or influenced it in any manner. Mr. Vorrey does not allege that Mr. Walker, who made the adverse decision and refused to sign the visa application, even knew about the remarks. In other words, Mr. Vorrey fails to allege any facts suggesting a connection between the City Manager's comments and Mr. Walker's decision to fire Mr. Vorrey. And he does not allege any other facts to suggest Mr. Walker was motivated by impermissible animus. Because Mr. Vorrey fails to draw any connection between the City Manager's off-color comments and Mr. Walker's decision and conduct, the comments are, at best, "stray remarks" unrelated to the adverse employment decision. Based on the allegations in Mr. Vorrey's Second Amended Complaint, any connection that might exist is purely speculative. *See, e.g.*, *Pathria v. Serwer*, 599 Fed. Appx. 176, 177 (5th Cir. 2015) (affirming dismissal because the allegation of a stray comment did not move the plaintiff's "claim of purposeful discrimination 'across the line from conceivable to plausible'" (citation omitted)).

As for circumstantial evidence that the Defendant engaged in a wrongful race-based employment decision, Mr. Vorrey alleges only one circumstantial fact—that he "was replaced by a Non-Indian . . . who did not require an H-1B visa." Second Amended Complaint (Doc 16) at ¶ 27. This lone allegation fails to create a plausible inference of discrimination. Importantly, Mr. Vorrey makes no allegation suggesting that he was more or equally qualified than his replacement or that they were otherwise similarly situated. In *Chhim v. University of Texas at Austin*, the plaintiff sued a university that did not hire him, instead hiring an individual of a

different race.  836 F.3d 467.  The Fifth Circuit affirmed dismissal of that claim in part because the plaintiff pled "no facts that suggest the applicant hired by the University was less qualified than [the plaintiff] or was similarly situated." *Id.* at 471.  There, the plaintiff acknowledged that the University's expressed reason for not hiring him was because he was unqualified.  The court therefore reasoned that he failed to plead any "facts plausibly suggesting that [the plaintiff] was better or equally qualified for the supervisory position than the person the University [did] hire[]." *Id.*  The same is true here.  Mr. Vorrey's Second Amended Complaint contains no allegations about his replacement's qualifications.  Without any allegations that Mr. Vorrey and his replacement were similarly situated or that Mr. Vorrey was better qualified, the Court cannot draw any plausible discriminatory inferences from him being replaced.  That is, the mere fact that Mr. Vorrey was replaced, without more, is not evidence that creates a plausible inference of discrimination.

In addition, Mr. Vorrey acknowledges in his Second Amended Complaint that Mr. Walker stated various non-discriminatory grounds for termination, such as a loss of confidence in Mr. Vorrey's ability to carry out his position's duties and functions.  Although the *Chhim* decision concerned hiring for an open position, not replacing a terminated employee, that decision's rationale equally applies.  In each instance, the plaintiff failed to claim that the person hired to replace him was less qualified and acknowledged legitimate reasons for the employment decision.  In those circumstances, the allegations do not raise a plausible inference that impermissible animus lies behind the adverse employment decision.  As a result, Mr. Vorrey's allegations about his replacement are insufficient to form the basis of his discriminatory-termination claim.

## II.    Conclusion

Based on the foregoing and the adopted parts of the Report and Recommendation, it is:

**ORDERED** that Mr. Vorrey's claims of employment discrimination under the Texas Commission on Human Rights Act relating to the failure to promote him to airport director be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

**ORDERED** that any of Mr. Vorrey's remaining claims of employment discrimination under the Texas Commission of Human Rights Act and his claims of employment discrimination under Title VII of the Civil Rights Act of 1964 be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted;

**ORDERED** that any of Mr. Vorrey's claims for unreimbursed fees and costs relating to the H-1B visa process be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

**ORDERED** that Mr. Vorrey's request for leave to amend his Second Amended Complaint is **DENIED**.

SIGNED this 11th day of January, 2019.

Fernando Rodriguez, Jr.
United States District Judge